## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Charles E. Maddox, Sr.**; and **Alton H. Maddox, Jr.**, <br><br>                              Plaintiff, <br><br> vs. <br><br> **Ronald L. Epps**, individually and in his official capacity as Superintendent, Richland County School District One, The State of South Carolina; **Vince Ford**, individually and in his official capacity as Chairman, Richland One Board of School Commissioners; **Lane Quinn**; **Sandra Manning;** **King B.L. Jeffcoat**; **Dwayne Smiling**; **Damond Jeter**; **Jasper Salmond,** individually and in their official capacities as members of the Richland One Board of Commissioners; **Fae Young**, individually and in her official capacity as Principal, Sandel Elementary School; **Richland County School District One**, the State of South Carolina; **Tomika Eley Maddox**; and **Al-Huda Ibn Sims**, <br><br>                              Defendant(s). | C/A No. 3:04-23190-MJP-JRM <br><br><br><br><br><br><br><br><br><br><br> Report and Recommendation |

_____

    This is a Civil action. The plaintiffs were directed to serve the defendants in an order filed on December 28, 2004. The plaintiffs did not provide the Court with proof of service upon the named defendants.

As a result, summonses were again sent to each of the plaintiffs pursuant to an order signed on June 3, 2005. The plaintiffs were specifically warned in the June 3rd order that failure to serve the defendants within 120 days of the filing of the complaint in compliance with Rule 4(m) of the Federal Rules of Civil Procedure could cause this matter to be summarily dismissed. Nonetheless, the Clerk of Court still did not receive proof that service of process had been accomplished.

Consequently, the undersigned issued another order on December 1, 2005, which gave the plaintiffs *ten (10) days* from the date the order was entered to provide the Clerk of Court with proof of service of process upon the defendants. The plaintiffs were again warned that failure to comply with this directive would result in a recommendation that this matter be dismissed for failure to prosecute.

The Clerk of Court has not received proof of service from the plaintiffs. Therefore, it is recommended that this matter be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

        Respectfully Submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

February 16, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201